IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joshua Lee Guisinger,

    Plaintiff,

vs

E.A. Tow Transportation, Inc.,
dba E.A. Towing, et al.,

    Defendants.

Case No. 2:17-cv-285
Judge Smith
Magistrate Judge Jolson
<u>JURY DEMAND ENDORSED HEREON</u>

## ANSWER OF DEFENDANTS<br>E.A. TOW TRANSPORT, INC. AND ELIAS ARANA TO COMPLAINT AND<br>COUNTERCLAIM OF ELIAS ARANA

For their Answer to Plaintiff's Complaint, Defendants E.A. Tow Transportation, Inc. and Elias Arana (hereinafter collectively "Defendants" and individually as "Defendant E.A." and "Defendant Arana", respectively), by and through counsel, hereby admit, deny and aver as follows:

### JURISDICTION AND VENUE

**FIRST DEFENSE**

1. Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint only to the extent that they purport to set forth a foundation for jurisdiction being proper in this Court. Defendants deny any and all allegations or implications thereof contained in this paragraph that Defendants have in any way violated the referenced laws.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant E.A. admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

## THE PARTIES

5. Upon information and belief, Defendants admit the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant Arana admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant E.A. admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant E.A. admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant E.A. admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

11. Defendant E.A admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant E.A. admits the allegations contained in paragraph 12 of Plaintiff's Complaint only to the extent that it transports wrecked personal and commercial vehicles.

13. Defendant Arana admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant E.A. admits the allegations contained in paragraph 14 of Plaintiff's Complaint only to the extent that it has locations in Commerce City, Colorado and Grove City, Ohio.

15. Defendant E.A. admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant E.A. admits the allegations contained in paragraph 16 of Plaintiff's Complaint only to the extent that it does employ tow truck drivers at its Columbus location.

17. Defendant E.A. admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant E.A. admits the allegations contained in paragraph 18 of Plaintiff's Complaint to the extent that Plaintiff drove a truck that could tow up to two vehicles at once.

19. Defendant E.A. admits the allegations contained in paragraph 19 of Plaintiff's Complaint except that Plaintiff did not tow mobile homes.

20. Defendant E.A. admits the allegations contained in paragraph 20 of Plaintiff's Complaint

21. Defendant E.A. admits the allegations contained in paragraph 21 of Plaintiff's Complaint but avers that Plaintiff was not required to have such a license because Defendant E.A. had a PUCO License.

22. Upon information and belief, Defendant E.A. admits the allegations contained in paragraph 22 of Plaintiff's Complaint and avers that Plaintiff was not required to hold a CDL.

23. Defendant E.A. admits the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant E.A. denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant E.A. denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant E.A. denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant E.A. denies the allegations contained in paragraph 27 of Plaintiff's Complaint that on isolated occasions he performed interstate towing duties. Defendant E.A. admits the remaining allegations contained in this paragraph of Plaintiff's Complaint.

28. Defendant E.A. admits the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant E.A. denies the allegations contained in paragraph 29 of Plaintiff's Complaint other than the allegation that the hours he worked varied from week to week.

30. The allegations contained in paragraph 30 of Plaintiff's Complaint call for a legal conclusion for which no response is required and, therefore, Defendant E.A. denies same.

31. The allegations contained in paragraph 31 of Plaintiff's Complaint call for a legal conclusion for which no response is required and, therefore, Defendant E.A. denies same.

32. Defendant E.A admits the allegations contained in paragraph 32 of Plaintiff's Complaint only to the extent that Plaintiff was not paid time and one-half for hours worked in excess of 40 per work week. However, Defendant E.A. avers that Plaintiff was properly compensated for all hours worked.

33. Defendant admits the allegations contained in paragraph 33 of Plaintiff's Complaint only to the extent that Plaintiff's last day of employment with Defendant was on or around January of 2017. Defendant E.A. avers that Plaintiff was terminated. on or about January 22, 2017.

## FIRST CAUSE OF ACTION

34. Defendants incorporate by reference all of their admissions, denials and averments contained in paragraphs 1 through 33 of this Answer as if fully restated herein.

35. Defendant E.A. admits the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant E.A. admits the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendant E.A. denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant E.A. admits the allegations contained in paragraph 38 of Plaintiff's Complaint and avers as a commission only employee in a retail or service establishment, Plaintiff was not subject to the overtime compensation requirements of the FSLA.

39. Defendant E.A. admits the allegations contained in paragraph 39 of Plaintiff's Complaint only to the extent that Plaintiff, on occasion, worked more than forty (40) hours per work week.

40. Defendant E.A. admits the allegations contained in paragraph 40 of Plaintiff's Complaint only to the extent that Plaintiff on occasion, worked more than forty (40) hours per week and that

4

he did not receive overtime compensation because he was not entitled to same as he was a commission only employee in a retail or service establishment.

41. The allegations contained in paragraph 41 of Plaintiff's Complaint call for a legal conclusion for which no response is required and therefore Defendants deny same.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

44. Defendants incorporate by reference all of their admissions, denials and averments contained in paragraphs 1 through 43 of this Answer as if fully restated herein.

45. Defendants admit the allegations contained in paragraph 45 of Plaintiff's Complaint only to the extent that it attempts to assert a basis for Plaintiff's Second Cause of Action.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

48. Defendants incorporate by reference all of their admissions, denials and averments contained in paragraphs 1 through 47 of this Answer as if fully restated herein.

49. Defendant E.A. admits the allegations contained in paragraph 49 of Plaintiff's Complaint only to the extent that they attempt to assert a basis for Plaintiff's Third Cause of Action.

50. Defendant E.A. denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant E.A. denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendant E.A. denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

53. Defendants incorporate by reference all of their admissions, denials and averments contained in paragraphs 1 through 52 of this Answer as if fully restated herein.

54. Defendants admit the allegations contained in paragraph 54 of Plaintiff's Complaint only to the extent that they attempt to set forth a basis for Plaintiff's Fourth Cause of Action.

55. Defendant E.A. admits the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Defendant E.A. denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendant E.A. admits the allegations contained in paragraph 57 of Plaintiff's Complaint only to the extent there was a written document which will speak for itself.

58. Defendant E.A. denies the allegations contained in paragraph 58 of Plaintiff's Complaint and avers that the document will speak for itself.

59. Defendant E.A. denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Defendant E.A. admits the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. Defendant E.A. denies the allegations contained in paragraph 61 of Plaintiff's Complaint.

62. Defendant E.A. denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

63. Defendants incorporate by reference all of their admissions, denials and averments contained in paragraphs 1 through 62 of this Answer as if fully restated herein.

64. Defendants admit the allegations contained in paragraph 64 of Plaintiff's Complaint only to the extent that they attempt to set forth a basis for Plaintiff's Fifth Cause of Action.

65. Defendant E.A. admits the allegations contained in paragraph 65 of Plaintiff's Complaint only to the extent that Plaintiff would receive vacation pay after his first year of employment with Defendant E.A.

66. Defendant E.A. admits the allegations contained in paragraph 66 of Plaintiff's Complaint.

67. Defendant E.A. denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. Defendant E.A. denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. Defendant E.A. admits the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. Defendant E.A. admits the allegations contained in paragraph 70 of the Complaint only to the extent that Plaintiff did not take any paid vacation time between his employment anniversary date and the date that his employment with Defendant E.A. was terminated.

71. Defendant E.A. denies the allegations contained in paragraph 71 of Plaintiff's Complaint.

72. Defendant E.A. denies the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. Defendant E.A. denies the allegations contained in paragraph 73 of Plaintiff's Complaint.

## ADDITIONAL DENIAL

74. Both of the Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted in this Answer.

## PRAYER FOR RELIEF

75. Defendants deny that Plaintiff is entitled to any of the relief that he seeks in paragraphs A through G of his Prayer for Relief.

## ADDITIONAL AND OR AFFIRMATIVE DEFENSES

76. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which the relief requested by Plaintiff can be granted.

77. Plaintiff's claims are barred by Plaintiff's conduct.

78. Plaintiff's claims are barred because of a failure of service or failure of service of process.

79. Plaintiff has failed to mitigate his damages.

80. Plaintiff's claims are barred by the applicable Statute of Limitations.

81. Plaintiff's claims are barred by failure to give timely notice, by applicable estoppel and by the doctrine of laches.

82. Plaintiff's claims are barred as Plaintiff engaged in violation of Defendant E.A.'s practices and policies.

83. In the unlikely event that either Defendant is found to have violated either the FSLA or the analogous Ohio statute, any such violation was *de minimis.*

84. At all times material herein, Defendants acted in good faith and had reasonable grounds to believe that they had not violated the FLSA or the analogous Ohio statute.

85. At all times relevant herein, Defendants acted in good faith, in conformity with and reliance on orders, decisions, rulings, approvals or interpretations of the Wage and Hour Administration or administrative practices or enforcement policy of the administration of the FLSA with respect to all applicable issues raised in Plaintiff's Complaint including, without limitations, that Plaintiff was exempt from the overtime compensation of the act pursuant to the exemption contained in 29 U.S.C. § 207(i) of the Fair Labor Standards Act.

**WHEREFORE,** Defendants respectfully request that this Court: A) dismiss Plaintiff's Complaint in its entirety; B) enter judgment on behalf of Defendants; C) award Defendants their attorney's fees and costs in defending this action; and D) award Defendants such other legal and equitable relief as this Court deems appropriate.

OWENS LAW, LLC

By: /s/ Timothy J. Owens
Timothy J. Owens (0021979)
3300 Riverside Drive - #125
Upper Arlington, Ohio 43221
Telephone: (614) 928-9107
Facsimile: (614) 737-9857
E-mail: tjo@towenslaw.com

Attorney for Defendants
E.A. Tow Transportation, Inc.
dba E.A. Towing and Elias Arana,
and Elias Arana Counterclaimant

## COUNTERCLAIM OF
## DEFENDANT ELIAS ARANA

After incorporating by reference as if fully rewritten herein his denials, admissions, and averments contained in his Answer to Plaintiff's Complaint, now comes Counterclaimant/Defendant Elias Arana, by and through counsel, and as and for his Counterclaim against Plaintiff, hereby alleges and avers as follows:

### PARTIES AND JURISDICTION

1. Counterclaimant Elias Arana ("Counterclaimant") is a citizen of, and resides in, Colorado. At all times relevant herein, he was, and remains, employed by Defendant E.A. Tow Transportation, Inc. ("Defendant E.A.").

2. Counterclaimant Defendant Joshua Lee Guisinger ("Guisinger") is a citizen of and resides in Ohio.

3. The Counterclaim is a compulsory counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure.

### COUNT ONE – DEFAMATION

4. Since being terminated from his employment with Defendant E.A., Guisinger has defamed Counterclaimant regarding Counterclaimant's business and professional reputation by making, at a minimum, written statements on or about February 17, 2017 on social media. Specifically, Guisinger referred to Counterclaimant as follows: "I was working for a Mexican who did a lot of things against labor and other laws. He only cares about his money not anyone elses (*sic*). Dirtbags do stuff like that because they know it would cost me more money to take him to court, than he owes me." Guisinger also stated: "My last employer decided he was

keeping my week of paid vacation time, and part of my last check is also missing. That's what I get for working for a shady mofo."

5. The above referenced comments were published to, among others, Guisinger's former co-workers at Defendant E.A. who knew that the comments were made in reference to Counterclaimant. Guisinger's former co-workers made Counterclaimant aware of Guisinger's comments.

6. Upon information and belief, Guisinger has likely published other defamatory comments about Counterclaimant.

7. The above-referenced comments pejoratively refer to Counterclaimant's national origin, pejoratively refer to him as a "dirtbag" and a "shady mofo", and state that he committed criminal and illegal acts. All of those comments relate to Counterclaimant's business and professional reputation and therefore constitute defamation *per se*. Additionally, Guisinger made such comments willfully and with actual malice.

8. The statements made by Guisinger about Counterclaimant are false, and Guisinger had knowledge of their falsity and/or reckless disregard for the truth at the time they were made.

9. The defamatory comments made by Guisinger were without privilege.

10. As a direct and proximate result of Guisinger's defamatory comments, Counterclaimant has been damaged and is entitled to both compensable and punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Counterclaimant prays for the following relief:

A. An injunction against Guisinger from engaging in defamatory conduct against Counterclaimant;

B. An award of monetary damages in an amount to be proven at trial;

C.     An award of punitive damages;

D.     An award of costs and expenses of this action, including reasonable attorneys' fees;

E.     Such other legal and equitable relief as this Court determines to be just and appropriate.

Respectfully submitted,

OWENS LAW, LLC

By:   /s/ Timothy J. Owens
Timothy J. Owens (0021979)
3300 Riverside Drive - #125
Upper Arlington, Ohio 43221
Telephone: (614) 928-9107
Facsimile: (614) 737-9857
E-mail: tjo@towenslaw.com

Attorney for Defendants
E.A. Tow Transportation, Inc.
dba E.A. Towing and Elias Arana,
and Elias Arana Counterclaimant

## JURY DEMAND

Defendants and Counterclaimant request a trial by a jury of eight (8) persons for all claims triable to a jury.

/s/ Timothy J. Owens
Timothy J. Owens (0021979)
Attorney for Defendants
E.A. Tow Transportation, Inc.
dba E.A. Towing and Elias Arana,
and Elias Arana Counterclaimant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served by a notice of electronic filing this 16th day of June, 2017.

/s/ Timothy J. Owens
Timothy J. Owens (0021979)
Attorney for Defendants
E.A. Tow Transportation, Inc.
dba E.A. Towing and Elias Arana,
and Elias Arana Counterclaimant