UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSHUA LEE GUISINGER,**

   **Plaintiff,**

  v.            Case No. 2:17-cv-285
                  JUDGE GEORGE C. SMITH
                  Magistrate Judge Jolson
**E.A. TOW TRANSPORT, INC.,**
**d/b/a E.A. TOWING,** *et al.*,

   **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon Plaintiff/Counterclaim Defendant Joshua Lee Guisinger's Motion for Partial Summary Judgment as to Defendant/Counterclaim Plaintiff Elias Arana's Counterclaim ("Guisinger's Motion") (Doc. 13). The motion is fully briefed and ripe for disposition. For the following reasons, Guisinger's Motion is **DENIED**.

### I. BACKGROUND

Defendant E.A. Tow Transport, Inc., d/b/a E.A. Towing is in the business of transporting wrecked personal and commercial vehicles. (Doc. 1, Compl. ¶ 12). Defendant Elias Arana is the owner of E.A. Towing and sets the payroll policies and practices for E.A. Towing's employees. (*Id.* ¶ 13). Plaintiff Joshua Lee Guisinger worked for E.A. Towing as a tow truck driver from October 2015 to January 2017. (*Id.* ¶¶ 11, 15, 33). The parties dispute whether Guisinger resigned from his employment or was terminated by E.A. Towing. (*Id.* ¶ 33; Doc. 4, Ans. ¶ 33).

Guisinger was paid by E.A. Towing on a commission-only basis. (Doc. 1, Compl. ¶ 28). He alleges that he was typically required to work between 60 and 70 hours per week, but was not

paid overtime compensation for the hours worked in excess of 40 per week as required by the Fair Labor Standards Act and Ohio Fair Minimum Wage Standards Act. (*Id.* ¶¶ 29, 32). His Complaint also asserts claims for failure to tender pay by regular payday, breach of a contract promising an increase in his per-vehicle commissions, and promissory estoppel with regard to unpaid accrued vacation pay.

On February 17, 2017, within a few weeks after separating from E.A. Towing, Guisinger posted the following content to his personal Facebook account:

> Well, my first week is over and it flew by. I have been home before 4 every day, and have not been truely [*sic*] pissed off once. I must say, this was a good decision. Of course every yin, has a yang. My last employer decided he was keeping my week of paid vacation time, and part of my last check is also missing. That's what I get for working for a shady mofo. Lesson learned, and good riddance. Open one door, and slam the other shut. I'm off and running.

(Doc. 13-2, Facebook post). Another individual commented on Guisinger's post, stating, "That's illegal. They have to give it to you. Wage and hour board," to which Guisinger replied (still on February 17, 2017), "I was working for a Mexican who did alot [*sic*] of things against labor and other laws. He only cares about his money, not anyone elses [*sic*]. Dirtbags do stuff like that because they know that it would cost me more money to take him to court, than he owes me." (*Id.*).

The post and its comments were seen by Guisinger's former co-workers at E.A. Towing, who reported them to Arana. (Doc. 4, Countercl. ¶ 5). In his answer to Guisinger's Complaint, Arana asserted a counterclaim against Guisinger for defamation *per se* arising out of the February 17, 2017 Facebook post and comment. (*Id.* ¶¶ 4–10). Guisinger now moves for summary judgment only as to Arana's counterclaim.

## II. SUMMARY JUDGMENT STANDARD

Guisinger moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury").

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). But self-serving affidavits alone are not enough to create an issue of

fact sufficient to survive summary judgment. *Johnson v. Washington Cty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013) (Marbley, J.). "The mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson,* 477 U.S. at 251.

### III. DISCUSSION

Under Ohio law, the elements of a defamation claim are "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Harris v. Bornhorst,* 513 F.3d 503, 522 (6th Cir. 2008) (quoting *Akron-Canton Waste Oil v. Safety-Kleen Oil Servs.,* 81 Ohio App.3d 591, 611 N.E.2d 955, 962 (9th Dist. 1992)) (internal quotation marks omitted).

Guisinger makes several arguments as to why Arana cannot establish these elements and that he is therefore entitled to summary judgment on Arana's defamation counterclaim. Each of Guisinger's arguments lack merit.

**A.  At least some of Guisinger's statements are assertions of fact.**

Expressions of opinions (as opposed to statements of verifiable facts) are protected free speech under Section 11, Article 1 of the Ohio Constitution and cannot give rise to liability for defamation under Ohio law. *Wampler v. Higgins*, 93 Ohio St. 3d 111, 117, 2001-Ohio-1293, 752 N.E.2d 962, 970. When determining whether a statement is an assertion of fact, Ohio courts consider the totality of the circumstances, including (1) the specific language used; (2) whether the statement is verifiable; (3) the general context of the statement; and (4) the broader context in which the statement appeared. *Murray v. HuffingtonPost.com, Inc.*, 21 F. Supp. 3d 879, 884–85

(S.D. Ohio 2014) (Frost, J.) (quoting *Bentkowski v. Scene Magazine*, 637 F.3d 689, 693–94 (6th Cir. 2011)). In evaluating these factors, "the law charges the author of an allegedly defamatory statement with the meaning that the reasonable reader attaches to that statement"—and not "the perception of the [author]." *McKimm v. Ohio Elections Comm.*, 89 Ohio St. 3d 139, 144–45, 729 N.E.2d 364 (2000).

Guisinger argues that no part of his Facebook post and comment can be construed as statements of fact, and Arana argues that all of Guisinger's statements referring to Arana are statements of fact. Both parties are partly correct. Phrases like "shady mofo," "dirt bag," and "he only cares about his money, not anyone else's" are plainly expressions of Guisinger's opinion and are not susceptible of a precise, verifiable meaning. *Wampler*, 93 Ohio St. 3d at 128 (citing *Vail v. The Plain Dealer Publ'g Co.*, 72 Ohio St. 3d 279, 283, 1995-Ohio-187, 649 N.E.2d 182, 186); *Fuchs v. Scripps Howard Broad. Co.*, 170 Ohio App. 3d 679, 2006-Ohio-5349, 868 N.E.2d 1024, ¶ 46 (1st Dist.) (finding statements that "[t]hey don't care about the customer or the patient," and that "[t]hey care about their money" were statements of protected opinion that were made to elicit an emotional response and were not readily verifiable.).

On the other hand, "My employer decided he was keeping my week of paid vacation time, and part of my last paycheck is also missing" and "I was working for a Mexican who did a lot of things against labor and other laws" are factual assertions with precise meanings. Indeed, Guisinger's claims against Defendants will require Guisinger to prove the truth of these assertions, which demonstrates their verifiability. The Court therefore finds that these two statements are assertions of fact that may give rise to liability for defamation if the remaining elements are met.

**B.      Guisinger has not demonstrated that his statements are true.**

In addition to being assertions of fact, Guisinger's statements must also be false for Arana to prevail on his defamation claim. Guisinger asserts he is entitled to summary judgment because Arana cannot prove that Guisinger's statements are false. But this argument misunderstands Guisinger's burden as the movant on summary judgment. Guisinger must direct the Court to the parts of the record demonstrating that there is no genuine issue of material fact before the burden shifts to Arana to demonstrate anything. *Celotex*, 477 U.S. at 323 (1986). Thus, in moving for summary judgment, Guisinger undertook the responsibility to identify *evidence* showing that Arana cannot prove the falsity of these statements, not merely to make an assertion that Arana cannot do so.

In most defamation cases, this will take the form of evidence proving the statements are true. But Guisinger has identified no such evidence for the Court. Rather, Guisinger merely states that he "*can* prove that Arana and E.A Tow Transport Inc. violated the law and that he is entitled to recover damages for those violations of law." (Doc. 13, Mot. at 6) (emphasis added). It may well be the case in the future that he can prove his statements are true, but it is his burden as summary judgment movant to prove it now. Having failed to do so, Guisinger is not entitled to summary judgment on grounds that his factual assertions were true.

**C.      Guisinger's statements concern Arana.**

Guisinger contends that because his statements do not refer to Arana or E.A. Towing by name, the statements do not concern Arana, and therefore they cannot have defamed him. However, it is not necessary that defamatory statements identify their target by name. *Gosden v. Louis*, 116 Ohio App. 3d 195, 218, 687 N.E.2d 481 (9th Dist. 1996) (citing *Shimola v. Cleveland*, 65 Ohio App.3d 457, 462, 584 N.E.2d 774 (8th Dist. 1989)). The critical inquiry is "whether recipients of the communication understood it to refer to that person. If a recipient

understood that the plaintiff was the person to whom the defendant intended to refer, and the plaintiff was in fact the person to whom the defendant intended to refer, the plaintiff has been defamed." *Gosden*, 116 Ohio App. 3d at 218.

Guisinger acknowledges that his coworkers at E.A. Towing would understand the statements to refer to Arana. (Doc. 16, Reply at 6) ("Aside from a co-worker who worked with Guisinger at E.A. Towing, a recipient of Guisinger's Facebook post would not know to which former employer Guisinger's post refers."). And Arana alleged in his counterclaim that this is exactly what happened: Guisinger's former coworkers saw Guisinger's Facebook post and comment, they understood Guisinger's statements to refer to Arana, and they brought the post to Arana's attention. (Doc. 4, Countercl. ¶ 5). Thus, for at least a subset of the recipients of Guisinger's statements, the statements unequivocally referred to Arana.

It is not necessary that everyone who may read the statements understand that they refer to Arana, and there is no minimum number of people who must understand the statements to be defamatory. *Stafford v. Jewelers Mut. Ins. Co.*, 554 F. App'x 360, 375 (6th Cir. 2014) ("[I]n the context of defamation, Black's Law Dictionary defines 'publish' as 'To communicate (defamatory words) to someone other than the person defamed.' Black's Law Dictionary 1268 (8th ed. 2004)."). Accordingly, Guisinger's argument that his statements do not concern Arana is foreclosed by the statements' publication to his former coworkers.

**D.      Guisinger has not demonstrated that he acted without fault as to the truth or falsity of the statements.**

In private-figure defamation actions, a plaintiff must show by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication. *Lansdowne v. Beacon Journal Pub. Co.* (1987), 32 Ohio St. 3d 176, 178, 512 N.E.2d 979. Guisinger argues that Arana cannot make this showing

7

because, "[f]ollowing his resignation, Guisinger sent a message to Arana stating that he was owed additional compensation, requested that he be paid the additional amounts owed by March 3, 2017, and stating that if he did not hear back, he would be contacting an attorney." (Doc. 13-1, Guisinger Decl. ¶ 8). Guisinger further argues that he "acted reasonably in attempting to discover the truth of the statement he made in his social media post—evidenced by the fact that he hired attorneys, weighed his options, and decided to file the instant lawsuit against Defendants." (Doc. 13, Mot. at 8).

But as pointed out by Arana, Guisinger has not shown that any of these investigatory actions took place *before* Guisinger published the statements in question on February 17, 2017. In fact, Guisinger's statement that "Dirt bags do stuff like that because they know that it would cost me more money to take him to court, than he owes me," suggests that Guisinger was not actively considering litigation at the time he made the statements.

Guisinger also argues that he did not need to undertake any investigation to confirm that Arana did not include paid vacation time or the full amount of Guisinger's earned commissions in his last paycheck, as these facts are apparent from the paycheck itself and Guisinger's own knowledge of how much he was owed. But Guisinger and Arana dispute whether Guisinger was, in fact, entitled to these additional amounts. And while Guisinger may have subjectively believed on February 17, 2017, that his statements were true, he has not identified any evidence in the record that forecloses the possibility that this belief was unreasonable. Guisinger is therefore not entitled to summary judgment on grounds that he acted reasonably as to the truth or falsity of his statements.

E.     **Guisinger's statements are defamatory** *per se*.

Finally, Guisinger argues that Arana has not alleged the existence of special harm stemming from Guisinger's statements, which means Arana must demonstrate actionability of

the statement irrespective of special harm. That is, Arana must demonstrate that Guisinger's statements constitute defamation *per se*.

Under Ohio law, a statement constitutes defamation *per se* when it falls within one of four categories: (1) the words import a charge of an indictable offense involving moral turpitude or infamous punishment; (2) the words impute some offensive or contagious disease calculated to deprive a person of society; (3) the words tend to injure a person in his trade or occupation; or (4) the words tend to subject a person to public hatred, ridicule, or contempt. *Wagner v. Circle W. Mastiffs*, 732 F. Supp. 2d 792, 804 (S.D. Ohio 2010) (Smith, J.). Arana does not argue that Guisinger's statements fall within the first two categories, but he does contend that the statements tend to injure him in his trade or occupation and that they subject him to public hatred, ridicule or contempt.

Statements damage a plaintiff's trade or occupation when they tend to harm the plaintiff's reputation within that particular business community. *Wagner*, 732 F. Supp. 2d at 805 (S.D. Ohio 2010). Guisinger seems to imply that this standard is met only when the statements are made to customers or potential customers, citing *Wagner*. Although the statements in *Wagner* were made to the plaintiff's customers and potential customers, *Wagner* represents only an example of statements tending to injure the plaintiff in his trade or occupation, and does not require publication to customers to meet this criterion.

Further, Guisinger argues that labor law violations and failure to fully compensate employees could not "harm Arana's reputation regarding the service that his business provides, i.e., towing" and that Arana "cannot prove a way in which[ ] Guisinger's post damages his trade, occupation, or reputation within the business community." (Doc. 13, Mot. at 12). Arana responds that if he develops a reputation for mistreating his employees, other companies will be

less likely to do business with E.A. Towing and he will have difficulty recruiting quality employees. (Doc. 15, Resp. at 12). To this, Guisinger responds that "there is absolutely no evidence that any 'companies doing business with Arana or E.A. Towing' or 'future job applicants' saw the posting on Guisinger's Facebook account." (Doc. 16, Reply at 9).

Here, Guisinger misunderstands Arana's burden at trial on this element. In a claim for defamation *per se*, Arana need not prove that he was actually injured; he need only prove that the *content* of the statement is such that it would tend to injure Arana in his trade or occupation. "Defamation *per se* means that the defamation 'is accomplished by the very words spoken.'" *Kanjuka v. MetroHealth Med. Ctr.*, 151 Ohio App. 3d 183, 2002-Ohio-6803, 783 N.E.2d 920, ¶ 16 (quoting *McCartney v. Oblates of St. Francis deSales*, 80 Ohio App. 3d 345 at 353, 609 N.E.2d 216 (6th Dist. 1992)). As a result, whether a statement is defamatory *per se* is a question of law for the Court. *Becker v. Toulmin*, 165 Ohio St. 549, 557, 138 N.E.2d 391, 397 (1956).

The Court agrees with Arana that Guisinger's statements tend to injure Arana's professional reputation in his towing business. "An allegation that one has acted unprofessionally constitutes defamation per se." *Kanjuka*, ¶ 17; *Gosden*, 116 Ohio App. 3d at 207. Accordingly, Guisinger is not entitled to summary judgment on grounds that his statements were not defamatory *per se*.[1]

---

[1] Because the Court concludes that Guisinger's statements are defamatory *per se* because they tend to injury Arana in his trade or occupation, the Court need not consider whether the statements also subject Arana to public hatred, ridicule, or contempt.

## IV. CONCLUSION

For the foregoing reasons, Guisinger's Motion is **DENIED**.

The Clerk shall remove Document 13 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**